JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7863 PA (JPRx) | Date | July 9, 2015 |
|---|---|---|---|
| Title | Michael Aaron McGrew v. County of San Luis Obispo, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **IN CHAMBERS**

The Court has received a "Request for Order of Dismissal of Federal Claims" filed by plaintiff Michael Aaron McGrew ("Plaintiff"), in which Plaintiff requests that his federal claims be dismissed without prejudice. In accordance with that Request, the Court dismisses Plaintiff's federal claims without prejudice.

With the dismissal of the federal claims, there is no continuing basis for the Court's subject matter jurisdiction. The Court has only supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367(a). Once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies." Executive Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555–56 (9th Cir. 1994). The Court may decline supplemental jurisdiction under § 1367(c) if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

Here, the Court has dismissed all of the federal claims over which it has original jurisdiction. Accordingly, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3). The Court therefore dismisses the remaining state law claims without prejudice. Pursuant to 28 U.S.C. § 1367(d), this Order acts to toll Plaintiff's statute of limitations on his state law claims for a period of thirty (30) days, unless state law provides for a longer tolling period.

IT IS SO ORDERED.